DLD-201                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2074
_____

IN RE: RAYMOND WINCHESTER,
                                            Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:18-cv-01458)
_____

Submitted Pursuant to Fed. R. App. P. 21
June 4, 2020
Before: RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: June 15, 2020)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Raymond Winchester seeks a writ of mandamus to compel the

District Court to rule on a petition he filed pursuant to 28 U.S.C. § 2254. For the reasons

that follow, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2018, Winchester filed a habeas petition in the District Court. He subsequently filed a mandamus petition in this Court alleging that the District Court had delayed ruling on his habeas petition and had not responded to certain filings. Because his case was proceeding steadily, we denied Winchester's request for mandamus relief in August 2019. The District Court then ordered respondents to respond to Winchester's habeas petition, which they did on January 30, 2020, after being granted an extension. On May 22, 2020, this Court received a series of documents from Winchester that have been construed as a petition for a writ of mandamus. The documents appear to re-allege that the District Court has delayed ruling on Winchester's habeas petition.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "[M]atters of docket control . . . are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (citation omitted). However, a writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Because proceedings in the District Court are moving forward and only four months have passed since respondents filed their response to Winchester's habeas petition, the extraordinary remedy of mandamus relief is not warranted at this time. We

2

continue to have full confidence that the District Court will rule on Winchester's petition without undue delay.

Accordingly, we will deny Winchester's mandamus petition.